**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **SCOTT ALEXANDER SMALLWOOD,** | * |
| **Petitioner,** | * |
| **v.** | * |
| **UNITED STATES OF AMERICA,** | * |
| **Respondent.** | * |

**Criminal Case No. DLB-10-334**
**(Related Civil No. DLB-19-2103)**

**MEMORANDUM OPINION**

Scott Alexander Smallwood filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255. ECF 101. The government moved to dismiss the petition, asserting that it is time-barred, Smallwood is not entitled to equitable tolling, and he cannot cure his untimely filing through other common law exceptions. ECF 108. Smallwood filed an opposition, a memorandum in support of his petition, and a motion for equitable tolling. ECF 117, 118, 119. Smallwood also filed several discovery motions, a motion to seal supplemental exhibits, and a motion to expand the record. ECF 104, 110, 123–27. Smallwood's motion for equitable tolling, which the Court interprets as a request for an extension of time to file his opposition and memorandum, is granted. Smallwood's other motions are denied. For the reasons stated below, the government's motion to dismiss is granted, and the § 2255 petition is dismissed as untimely.

I.    **Background**

On June 16, 2010, Smallwood was indicted on seven counts of sexual exploitation of a minor for the purpose of producing child pornography in violation of 18 U.S.C. § 2251(a). ECF 11. Smallwood pled guilty to Counts One and Six of the indictment, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, admitting that he repeatedly sexually exploited a minor

for the purpose of producing child pornography in violation of 18 U.S.C. § 2251(a).  ECF 42 &
43.  In his plea agreement, Smallwood also admitted to committing the conduct described in
Counts Two, Three, Four, Five, and Seven.  ECF 43-1.

Smallwood stipulated that the government could prove the following facts beyond a
reasonable doubt.  *Id.*  Smallwood was employed by Prince George's County Public Schools
("PGCPS") as a school bus driver.  On March 15, 2010, Smallwood left a microSD card on the
counter of a 7-11 convenience store.  The card contained thirteen video files.  Eight of the videos,
all recorded on either February 4 or 12, 2010, depict a prepubescent male engaged in sexually
explicit conduct with Smallwood or Smallwood engaging in sexual conduct in front of the child.
An individual found the card and contacted the police after viewing the videos.  Police identified
the victim as a seven-year-old male.  Smallwood was a friend of the victim and drove the victim
to church.  Police executed a search warrant on Smallwood's residence and seized notebooks with
charts and lists denoting sexual contact with several children as well as several hundred pages of
stories about sexual encounters involving minors.  Police also seized a life-size child doll dressed
in boy's clothing and with wadded-up socks in the shape of a penis.  During an interrogation,
Smallwood admitted he had several inappropriate contacts with the victim at a friend's house.  He
admitted that he masturbated in front of the victim before ejaculating on him.  He also admitted to
producing video recordings of his sexual contact with the victim on his cellphone and losing the
microSD card containing the recorded videos.

The parties agreed that, at the time of sentencing, the United States Attorney's Office
would "recommend a sentence of 30 years on Count One and 30 years on Count Six, to run
consecutively for a total of 60 years."  ECF 43, at 5.  The parties further agreed that Smallwood
reserved the right to argue for any sentence, subject to the applicable fifteen-year mandatory

minimum sentence. *Id.*  Following a hearing on July 18, 2012, the Court sentenced Smallwood to 360 months as to Count One and 300 months as to Count Six, consecutive to Count One, for a total term of 660 months in the custody of the Bureau of Prisons.  ECF 59, 67.  The Court imposed a life term of supervised release and ordered Smallwood to register as a sex offender.  ECF 67.

On August 2, 2012, the Court entered the judgment. *Id.*  Smallwood timely appealed, challenging the procedural and substantive reasonableness of his sentence.  ECF 69.  On May 24, 2013, the Fourth Circuit affirmed the judgment.  ECF 79.  Smallwood did not petition for certiorari.

On June 14, 2013, Smallwood requested forms to file a § 2255 petition.  ECF 80.  Smallwood's next filing, docketed nearly two years later on February 18, 2015, was correspondence requesting copies of transcripts.  ECF 82.

On January 15, 2019, more than five years after his conviction became final, Smallwood filed a "Motion for Leave to File Motion to Vacate under 28 U.S.C. § 2255 Out of Time."  ECF 93.  On January 31, 2019, the Court issued an order noting that a § 2255 habeas petition would be untimely under § 2255(f)(1) and directing Smallwood to notify the Court whether he had any objections to construing the motion for leave as a § 2255 petition.  ECF 94, at 1 & n.1

Smallwood notified the Court that he would proceed with his motion as a § 2255 petition and that he would file an amended petition.  ECF 95.  The Court directed Smallwood to file his amended petition by July 29, 2019.  ECF 96, 98.  On July 15, 2019, Smallwood filed an "Amended Motion for Leave to File Motion to Vacate under 28 U.S.C. § 2255 Out of Time," along with a proposed § 2255 petition.  ECF 99, 99-1.  On July 18, 2019, the Court granted Smallwood's motions for leave to file a § 2255 petition and docketed his petition.  ECF 100, 101.

In his § 2255 petition, Smallwood alleges that his counsel rendered ineffective assistance by failing to investigate the facts of the case, failing to investigate the circumstances behind the

government's searches and interrogation, and failing to adequately review discovery reports. ECF 101, at 4–7. In addition, Smallwood asserts he did not enter into the plea agreement intelligently, knowingly, and voluntarily; that the searches of his vehicle and residence violated his Fourth Amendment rights; and that the government obtained his confession in violation of the Fifth Amendment. *Id.* at 8; ECF 101-1. Smallwood claims his petition is not barred by the § 2255 statute of limitations because he "discovered information" in 2018 that constitutes "newly discovered evidence." ECF 101, at 10. He further claims the newly discovered evidence establishes his actual innocence, overcoming any procedural default of his other claims. ECF 119, at 100–05.

On July 26, 2019, Smallwood filed a "motion for discoverable materials," requesting, among other things, copies of all witnesses' statements, his own statements during interrogation, documents seized from his vehicle and residence, evidence recovered from his cell phone and computers, documents recovered from cameras or removable media, photos of seized electronic devices and his residence, information recovered from his email and social media accounts, and sentencing memoranda. ECF 104.

On September 30, 2019, the government moved to dismiss the petition, arguing that it is statutorily time-barred and Smallwood cannot cure his untimely filing through common law exceptions. ECF 108. That same day, Smallwood moved for "subpoena of documents," asking the Court to direct AT&T Services to provide documents and data. ECF 110. On January 21, 2020, Smallwood opposed the motion to dismiss. ECF 117. On January 27 and February 25, 2020, he moved for equitable tolling and filed a supplemental memorandum in support of his § 2255 petition. ECF 118, 119. On November 25, 2020, Smallwood asked the Court to order AT&T to preserve evidence he sought to subpoena in ECF 110. ECF 123.

On July 23, 2021, Smallwood moved to seal supplemental exhibits that he filed with his supplemental memorandum.  ECF 124.  On August 11, 2021, Smallwood filed a motion for discovery, ECF 125-1, along with a cover letter stating the motion expanded on his request in ECF 104 and asking the Court to consider the revised request instead of the original motion, ECF 125. That same day, Smallwood asked the Court to expand the record to include the exhibits filed with his memorandum.  ECF 126.  On September 21, 2021, Smallwood moved "to expedite judgment on pending motions for documents from AT&T Wireless."  ECF 127.

## II.    Standard of Review

A one-year limitations period applies to petitions filed pursuant to 28 U.S.C. § 2255, counting down from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The limitations period is subject to equitable tolling "in those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'"  *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (quoting *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000))).  To equitably toll the limitations period, the

habeas petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotation marks omitted).  Extraordinary circumstances may involve "wrongful conduct" on the part of the government or other circumstances beyond the petitioner's control. *Harris*, 209 F.3d at 330 (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir. 1996)).

The Court may review an untimely petition that is not subject to equitable tolling "only when there has been a 'fundamental miscarriage of justice.'" *United States v. Herrera-Pagoada*, 14 F.4th 311, 319 (4th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)).  The miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  Actual innocence is a basis for review of a petitioner's untimely claims where the petitioner demonstrates that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him[.]"[1] *Herrera-Pagoada*, 14 F.4th at 319 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  "A valid innocence claim 'requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial.'" *Hayes v. Carver*, 922 F.3d 212, 216 (4th Cir. 2019) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).  The Court must evaluate "'all the evidence,' old and

---

[1] A "gateway" innocence claim is distinct from a substantive innocence claim. *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (discussing *Herrera v. Collins*, 506 U.S. 390, 403 (1993)).  In the latter, the petitioner asserts he is entitled to habeas relief based on his innocence alone.

6

new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under [evidentiary rules]," but with "due regard to any unreliability[.]" *United States v. MacDonald*, 641 F.3d 596, 612 (4th Cir. 2011) (quoting *House v. Bell*, 547 U.S. 518, 538 (2006) and *Schlup*, 513 U.S. at 328)).  The Court then makes "a holistic judgment about all the evidence and its likely effect on reasonable jurors applying the reasonable-doubt standard."  *Carver*, 922 F.3d at 216 (quoting *House*, 547 U.S. at 539).  The actual innocence standard "is demanding and permits review only in the extraordinary case."  *Id.* at 218 (quoting *House*, 547 U.S. at 538)).

## III.    Discussion

### A.    Habeas Petition

In this case, the one-year limitations period for filing for federal habeas relief runs from the date on which the judgment became final.  28 U.S.C. § 2255(f)(1).  The Court entered the criminal judgment on August 2, 2012, ECF 67, and the Fourth Circuit affirmed the judgment on May 24, 2013, ECF 79.  Smallwood had ninety days from that date to file a petition for certiorari, which he did not do.  *See* U.S. Sup. Ct. Rule 13.  The ninety-day period expired on August 22, 2013.  Therefore, Smallwood's conviction became final on August 22, 2013, and the one-year limitations period expired on August 22, 2014.  *See* 28 U.S.C. § 2255(f); *Clay v. United States*, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.").  Smallwood did not file his petition until January 15, 2019, more than four years later.  Thus, his petition is time-barred.

Smallwood argues his petition is timely under § 2255(f)(4) because he discovered new facts supporting his claims in 2018 and could not have discovered the facts sooner through the exercise of due diligence.  *See* ECF 93, 101.  Specifically, Smallwood claims he first discovered

the following in 2018: a 2009–2010 PGCPS calendar, a 2012–2013 PGCPS calendar explaining the meaning of a "Code Blue" inclement weather designation, PGCPS inclement weather information for 2009–2010, his work handbook and trip detail reports, and a 2014 World Almanac containing a 2009–2010 calendar. ECF 101-2, ¶¶ 26–27, 29, 32–34; ECF 119, at 95. From this evidence, Smallwood asserts the following "new" facts: (1) PGCPS held classes on Friday, February 5, (2) Smallwood worked on February 5, (3) PGCPS were closed February 8–11 due to inclement weather, and (4) PGCPS were closed to students for a professional development day on February 12. *Id.* ¶ 35.

Smallwood could have discovered these facts through due diligence during his underlying criminal case. Each fact would have been public knowledge at the time. Even the specific documents Smallwood relies on were mostly available in 2010, and the relevant information from those that were not yet available could have been discovered through alternative sources, such as witnesses with knowledge of PGCPS' operations. Smallwood could have pursued any factual or legal defenses based on that evidence during the pendency of his criminal case. Smallwood argues that the facts were not available to him because he could not remember specific dates until he conducted further research, such as contacting PGCPS. ECF 117, at 13–19, 21. But he does not identify any reason he could not have conducted such research at the time. Because the facts Smallwood claims are newly discovered could have been discovered as early as 2010—four years before his conviction became final in August 2014—the one-year limitations period for filing a § 2255 petition is governed by § 2255(f)(1), not § 2255(f)(4). That period began ticking on August 22, 2013 and has since expired.

Smallwood has not established any basis for equitable tolling of the filing deadline. He has not shown that he diligently pursued his rights. One month after the Fourth Circuit affirmed

his conviction in May 2013, he asked the Court for forms to file a § 2255 petition. Two years later, he requested copies of transcripts. Yet he did not file a habeas petition until 2019. This does not constitute reasonable diligence. Smallwood has also failed to identify any wrongful government conduct or other extraordinary circumstance beyond his control that prevented him from timely filing his petition. Thus, Smallwood has not shown circumstances warrant equitable tolling of the limitations period. *See Holland*, 560 U.S. at 649; *Harris*, 209 F.3d at 330; *see also Herrera-Pagoada*, 14 F.4th at 319 ("That [petitioner] didn't recognize the potential legal significance of facts he's known since [the pendency of his criminal case] until 2019 is neither suggestive of his diligence nor 'extraordinary nor a circumstance external to his control.'") (quoting *States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004)).

Nor has Smallwood demonstrated a "fundamental miscarriage of justice" based on actual innocence that would enable the Court to review his untimely petition. *See McQuiggin*, 569 U.S. at 392. Smallwood has not established that "it is more likely than not that no reasonable juror would have convicted [him]." *Id.* at 395 (quoting *Schlup*, 513 U.S. at 329). He contends the "new" evidence establishes he could not have committed the underlying offenses on the dates alleged, February 4 and 12, 2010. ECF 101-2, ¶ 35. He asserts the evidence shows February 4 was a Thursday and that he worked the following day. *Id.* He insists these facts amount to "exculpatory evidence" because if he were with the victim on the night of February 4, he "would have had to leave [the victim] by himself for several hours with no adult supervision and no way to get to school." *Id.* As to February 12, he asserts, based on personal knowledge and recollection, that the only time he was alone with the victim overnight was after a school day. *Id.* ¶ 35, at 9–10; ECF 117, at 20–21; ECF 119-5 (sealed affidavit by Smallwood). Because the evidence shows PGCPS

did not hold classes on February 12, he argues he did not have victim that night and could not have committed the alleged offenses on that date.  ECF 101-2, ¶ 35, at 9–10.

This is not the type of evidence, even if it were new, that would satisfy the *Schlup* gateway standard.   Smallwood  does  not  offer  scientific  evidence,  an  eyewitness  account,  or  "critical physical evidence," for example.  *See Hayes*, 922 F.3d at 216; *Gary v. Maryland & Balt. City*, No. ELH-19-1348, 2020 WL 3893237, at *7 (D. Md. July 10, 2020) (listing evidence "that has been found  to  satisfy  the  actual  innocence  gateway  standard").   Rather,  he  points  to  calendars  and schedules to argue he could not have been with the victim on the nights in question.  This argument is premised on his personal knowledge and recollections—what he would or would not have done, such as leaving the victim alone for several hours, and what he remembers about one occasion he was  with  the  victim  overnight.   Unlike  an  argument  based  on  exculpatory  DNA  evidence  or independent eyewitness testimony, Smallwood's argument would require the jury to credit his own testimony, which is inconsistent with the facts he stipulated to as part of his guilty plea, and make the same inferences he makes.  *Compare* ECF 43-1 *with* ECF 101-2, ¶ 35, *and* ECF 119-5 (sealed affidavit by Smallwood).  Further, even if, as Smallwood argues should have happened, his partial confession and the evidence seized from his home and vehicle were suppressed, the jury still would have seen eight videos, all recorded on either February 4 or 12, 2010, that depict a child engaged in sexually explicit conduct with Smallwood or Smallwood engaging in sexual conduct in front of the  child.   Smallwood  identifies  no  constitutional  violation  that  would  have  precluded  the admission of the videos into evidence.  Thus, the "new" evidence that Smallwood identifies in his habeas petition, when considered alongside "other admissible evidence of [his] guilt," *Wilson v. Greene*, 155 F.3d 396, 404–05 (4th Cir. 1998), is not evidence that, more likely than not, would have convinced a jury of his innocence.  Smallwood has not shown a fundamental miscarriage of

justice based on actual innocence. *See McQuiggin*, 569 U.S. at 392; *Schlup*, 513 U.S. at 327–28; *Herrera-Pagoada*, 14 F.4th at 319.

Because the limitations period has expired and the Court finds no basis for equitable tolling or a fundamental miscarriage of justice, Smallwood's § 2255 petition is dismissed as untimely.

### B.  Discovery Requests

Smallwood seeks discovery in this case. *See* ECF 104, 110, 123, 125, 125-1, 127. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). A habeas petitioner may engage in discovery under Rule 6 of the Rules Governing § 2255 Proceedings at the Court's discretion and only for "good cause" shown. *Id.* "Good cause" exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *see also United States v. Roane*, 378 F.3d 382, 403 (4th Cir. 2004) (explaining "good cause" exists when a petitioner establishes a prima facie case for relief). The discovery requests "may not be so broad and baseless as to constitute a 'fishing expedition.'" *United States v. Wilson*, 901 F.2d 378, 381 (4th Cir. 1990); *see also Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) ("Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'") (quoting *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997)).

Smallwood has not shown good cause to warrant discovery. He requests essentially all materials relating to his criminal case, including all witness statements, all documents and photos seized from his home and vehicle, all evidence recovered during forensic searches of his computer and email account, all documents produced by any investigator or government agency, and "any and all other evidence[,] discovery[,] or photos of discovery or evidence, photos, testimony,

statements, interrogations, interviews, CD's not already specified or covered in this motion . . . ."
ECF 104. His proposed supplemental discovery motion is similarly broad. *See* ECF 125-1
(requesting, among other materials, "any records provided to the government by any person during
the investigation of the Petitioner or his prosecution in this matter," to include "emails, photos,
memos, notes, letters and other materials"). Other than citing Rule 6, Smallwood offers no specific
grounds for discovery. He does not explain in sufficient detail how any of the requested materials
might bolster his claims or lead to a finding that the petition is timely, that the time period for filing
was equitably tolled, or that a fundamental miscarriage of justice has occurred.[2] He only speculates
that he might uncover mitigating or exculpatory evidence somewhere within the haystack. ECF
104, at 5; ECF 125-1, at 4. The Court has no reason to believe that additional discovery would
show that Smallwood is entitled to habeas relief. Therefore, the motions for discovery will be
denied. *See Bracy*, 520 U.S. at 908–09; *see also United States v. Jose*, No. DKC-11-0288, 2021
WL 2260377, at *2 (D. Md. June 3, 2021) (denying habeas petitioner's request for discovery of
"the entire file" as overbroad and trending towards a "fishing expedition," where petitioner failed
to articulate "how such items would be materially relevant").

### C. Other Pending Motions

Smallwood requests the Court "toll" the time between January 17, 2020—the deadline the
Court gave Smallwood to file his opposition to the government's motion to dismiss and a

---

[2] Smallwood's most specific allegations relate to Cell Site Location Data (CSLD). Smallwood
requests CSLD from 2009–2010, ECF 110-1, and claims it "will show the dates could not have
occurred," ECF 119, at 104–05. However, he does not explain why learning his approximate
location via CSLD would establish he was not with the child victim, whom he does not allege
could be similarly located, particularly given the other admissible evidence of his guilt. Nor does
he offer any arguments as to why the CSLD and other cellular information he seeks would have
been unavailable to him while his criminal case was pending through the exercise of reasonable
diligence.

memorandum supporting his § 2255 petition, *see* ECF 116—and the date he filed his memorandum in support of his petition, February 25, 2020.  ECF 118.  This request for "equitable tolling" is unrelated to the timeliness of Smallwood's petition under § 2255(f), and the Court interprets the motion as a request for an extension of time to file his opposition and memorandum in support of his petition.  The request is reasonable, and the motion is granted.  The Court has considered Smallwood's opposition and memorandum.

Insofar as Smallwood asked the Court to expand the record to include the exhibits filed with his memorandum, ECF 126, his request is denied as moot because exhibits filed with memoranda are docketed and become part of the record at that time.

Finally, Smallwood's motion to seal the supplemental exhibits to his petition, ECF 124, is denied as moot, because those exhibits were previously filed and remain under seal.  *See, e.g.,* ECF 119-5, 119-22, 119-23, 119-24, 119-25, 119-34, 119-36, 119-37, 119-38.

## IV.    Certificate of Appealability

Having found that the petition is untimely, this Court must determine if a certificate of appealability should issue.  When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Smallwood's filings fail to demonstrate that a certificate of appealability should issue.  He still may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th

Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## V.     Conclusion

For the reasons stated in this memorandum opinion, the Court will grant the government's motion to dismiss, ECF 108, and dismiss Smallwood's § 2255 petition, ECF 101, as untimely. Smallwood's motion for discoverable materials, ECF 104, motion for subpoena of documents of evidence, ECF 110, motion to preserve evidence, ECF 123, motion to combine motions for discovery, ECF 125, motion for discovery, ECF 125-1, and motion to expedite judgment on pending motions for documents, ECF 127, are denied.  Smallwood's motion for equitable tolling, ECF 118, which the Court interprets as a request for an extension of time to file his opposition and memorandum, is granted.  Smallwood's motion to seal, ECF 124, and his motion to expand the record, ECF 126, are denied as moot.

The Court declines to issue a certificate of appealability.

A separate order follows.


DATED this 11th day of March, 2022.


_____
Deborah L. Boardman
United States District Judge